# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TITUS ALPHONSO GADDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV97 |
| | ) | |
| DR. C.A. HARRELL and | ) | |
| NICOLE COZAIRER, Pharmacist, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Titus Alphonso Gaddy, a prisoner of the State of North Carolina, brought this action pursuant to 42 U.S.C. § 1983, claiming that he has been subjected to cruel and unusual punishment with regard to treatment he has received for HIV while incarcerated. Plaintiff proceeds *pro se* and *in forma pauperis*. He identifies the Defendants as "Dr. C.A. Harrell" and "Pharmacist – Nicole Cozairer." Defendants have responded and filed a Rule 12(b)(6) motion to dismiss. (Docket No. 18.) Plaintiff has filed a reply, and the motion to dismiss (Docket No. 18) is ready for a ruling.

The *pro se* complaint is a rambling and disjointed document. In the opening paragraphs of the statement of claims, Plaintiff Gaddy asserts that he has been subjected to medical malpractice and cruel and unusual punishment by medical personnel in the Division of Prison, I.D. Clinic. He states that he has been the victim of unethical medical malpractice

and has been used as a "human guinea pig" by the I.D. Clinic for research purposes. He

avers that from 2004 to 2007 Dr. C.A. Harrell and Pharmacist Nicole Cozairer at McCain

Prison Hospital prescribed for him the medicines Zeirt, Eveir, Viramune, Altripla, and

Truvada which had deadly and serious side effects. He alleges that the Defendants constantly

told him, falsely, that the medications were not the cause of his side effects. He states that

it was not until 2007 that the Defendants informed him that the medicines could have serious

side effects. (Docket No. 2, Complaint ¶ V.) Plaintiff avers that the Defendants "knew all

the time [of the side effects], and it was their choice . . . to research the medicines and use

Plaintiff as a human guinea pig at whatever cost and responsible." (*Id*. at H.)

In their Motion to Dismiss, Defendants Carol A. Harrell, P.A. and C. Nichole Kiziah

request that Plaintiff's complaint be dismissed for failure to state a claim upon which relief

can be granted. Physician Assistant Harrell states that she did not provide any care for

Plaintiff in the period 2004 - 2007; Defendant Kiziah denies that she prescribed any

medication for Plaintiff during the period in question. Both Defendants deny that they were

deliberately indifferent to Plaintiff's serious medical needs.

Dismissal is proper under Rule 12(b)(6) where a plaintiff fails to plead a short and

plain statement of the claim showing the pleader is entitled to relief. *Republican Party v.

Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6). the Court is

not required to accept as true the legal conclusions set forth in a plaintiff's complaint.

*District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085

(4th Cir. 1979). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted). *See also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009).

The Court has a duty to liberally construe the allegations of the *pro se* Plaintiff. Nonetheless, the Court is not required "to conjure up questions never squarely presented" and "cannot be expected to construct full blown claims from sentence fragments. . . ." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985.) Construing the *pro se* Complaint under these guidelines, the Court finds that Plaintiff Gaddy has attempted to state, against the Defendants, a claim of deliberate indifference to his serious medical needs. *See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The leading case concerning the provision of medical service to prisoners is *Estelle v. Gamble*, 429 U.S. 97 (1976), where the United States Supreme Court held that prison officials could be liable in damages to a prisoner only if they were *deliberately indifferent* to a *serious* medical need of the prisoner. The Court noted, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *id*. at 106, and that mere negligence on the part of prison officials, or negligence

-3-

by a prison physician in diagnosing a condition or treating a prisoner, does not state a claim of medical mistreatment under the Eighth Amendment. *Id.* at 105-06. The Supreme Court has indicated that the type of conduct on the part of prison officials that is proscribed by the Eighth Amendment is "obduracy and wantonness" rather than ordinary lack of due care. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The United States Court of Appeals for the Fourth Circuit has repeatedly emphasized that mere negligence by a physician or disagreement between a prisoner and a physician concerning treatment does not support a constitutional claim. *See Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).

On review of the *pro se* complaint in this action, the Court finds that Plaintiff's claim does not rise to the level of a constitutional claim. The claim is one for medical malpractice – for negligence – and such a claim is not cognizable under 42 U.S.C. § 1983. At bottom, Plaintiff's claim rests upon his personal disagreement with medical providers regarding the proper course of treatment for his condition, and the balance between the risks and rewards of various medications. Such a claim does not support an Eighth Amendment cause of action. *See Russell v. Sheffer*, *supra*. Plaintiff's conclusory allegation that he was used as a "guinea pig" for research purposes is a speculative allegation that is not a plausible inference from his factual averments.

-4-

<u>Conclusion</u>

For reasons set forth above, **IT IS RECOMMENDED** that the Rule 12(b)(6) motion to dismiss filed by Defendants (Docket No. 18) be granted, and that this action be dismissed.


_____/s/ P. Trevor Sharp_____
United States Magistrate Judge


Date:  May 18, 2010